THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. VINCENZO CAMPANELLI, Appellant.

Attorneys — effect upon his compensation of failure of counsel
for defendant to argue appeal from judgment of death within
time prescribed by statute.

When the district attorney moved for judgment of affirmance by
default in a capital case, an order made setting it down for argu-
ment at a later day did not constitute such an enlargement of the
time for arguing the appeal as to entitle defendant's counsel to com-
pensation when he had theretofore failed to comply with the pro-
visions of sctions 308a and 536 of the Code of Criminal Procedure,
relative thereto.

(Decided January 26, 1915.)

APPLICATION for compensation of counsel.

*James C. Danzilo* for motion.

No one opposed.

WILLARD BARTLETT, Ch. J. Judgment of death was
pronounced against the defendant on November 26, 1913,
and his appeal to this court was taken on the 2nd day of
December following. On November 9, 1914, the district
attorney moved for the affirmance of the judgment by
default by reason of the delay in bringing the case to
argument, whereupon this court set down the appeal for
argument on the second Monday of December, 1914, "on
which day counsel for the appellant must be ready to
proceed." The case was thereupon argued and the
judgment has been affirmed.

Counsel for the defendant now apply for compensation
under section 308 of the Code of Criminal Procedure.
This court, however, is prohibited by express provision of
law from granting such compensation under the circum-
stances of the present case. By section 308a of the Code
of Criminal Procedure it is provided: "No compensation

shall be allowed to counsel on an appeal from a judgment of death for services in prosecuting the appeal unless the appeal shall have been brought on for argument within the time prescribed by section 536 of this code." Section 536 prescribes that where the judgment appealed from is of death the appeal must be brought on for argument within six months from the taking of such appeal unless the court for good cause shown shall enlarge the time for that purpose. This appeal was not brought on for argument within the time thus prescribed, nor has the court enlarged the time for that purpose. The order made setting the case down for argument when the district attorney moved for judgment of affirmance by default did not constitute an enlargement of the time within the meaning of the section cited. That order was made in furtherance of the uniform practice of this court not to permit a perfunctory disposition of appeals in capital cases, but to require that such points of law as the record presents in behalf of the defendant may be properly argued. A full year had passed between the time when the appeal was taken and the date of argument. It was to prevent delays of this character, for which the courts are in no wise responsible, that the legislation embodied in section 308a of the Code of Criminal Procedure was enacted. Counsel must take the consequences of their dilatory prosecution of the appeal. The law certainly imposes no undue burden upon them, and has wisely made their pay dependent upon their promptitude. As has already been pointed out, the prohibition against granting any compensation under the circumstances is absolute, and it follows that the application must be denied.

CHASE, COLLIN, HOGAN, MILLER, CARDOZO and SEABURY, JJ., concur.

Application denied.