THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PAUL CHAPMAN, Appellant.

**Attorneys — compensation on appeal from judgment of death.**

The prohibition against granting compensation to counsel for services on an appeal from a judgment of death, unless said appeal is brought on for argument within six months or the time for bringing on said argument has been enlarged by the Court of Appeals, is statutory and absolute. (*People* v. *Campanelli*, 214 N. Y. 37, followed.)

(Submitted January 27, 1919; decided February 4, 1919.)

APPLICATION for compensation of counsel (See 224 N. Y. 463.)

*Matthew W. Wood* and *William R. Murphy* for motion. No one opposed.

COLLIN, J.   The counsel assigned by the court for the appellant, Paul Chapman, upon his appeal to this court from a judgment convicting him of murder in the first degree, have applied for the allowance of compensation for their services and of their disbursements in prosecuting the appeal.   The appeal was not brought on for argument within six months from the taking of the appeal, nor was the time for bringing on the argument enlarged by the court.   Section 536 of the Code of Criminal Procedure is: "An appeal to the court of appeals may, in the same manner, be brought to argument by either party, on any day in term, and where the judgment appealed from is of death the appeal must be brought on for argument within six months from the taking of such appeal, unless the court, for good cause shown, shall enlarge the time for that purpose."   Section 308-a of such Code is: "No compensation shall be allowed to counsel on an appeal from a judgment of death for services in prosecuting the appeal unless the appeal shall have been brought on for argument within the time prescribed by section five hundred and thirty-six of this code."

The counsel seek to escape the constriction of our power enacted by the section 308-a by averring that (a) the clerk of the court below did not cause the record in the case to be printed as and within the time prescribed by section 485 of the Code of Criminal Procedure; (b) the six months from the taking of the appeal expired in the month of August, one of the summer months during which this court is in recess, and (c) within the six months they and the district attorney filed with the clerk of this court a written stipulation that the argument of the appeal be adjourned to a day after the expiration of the six months.   The reasons, jointly or severally considered, are not efficacious.   In them is no

reason or cause why an application to this court for the order enlarging the time prescribed by section 536 could or should not have been made. The appeal was not brought to argument until nine days next following the expiration of the recess period had elapsed. The prohibition against granting the compensation is statutory and under the circumstances here is absolute. (*People* v. *Campanelli*, 214 N. Y. 37.) Section 308-a is, by its language, made applicable to the compensation allowable to the counsel. The compensation is distinct, however, from the personal and incidental expenses of the counsel in prosecuting the appeal. We can, therefore, and should allow those expenses.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Application of counsel for compensation denied, and application for expenses allowed.